FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

~~~~FEB 21 FH 4:03

CLERK, US DISTRICT COURT
~~~~~~~~~~~~~~~~

CASE NO:

WILLIAM W. PRICE, III and
MICHELLE ANN PRICE, husband and wife,

3. 12-CV-183-J-12 TEM

Plaintiffs,

vs.

UNITED STATES OF AMERICA,

Defendant.

_____/

## CIVIL ACTION

Plaintiffs, WILLIAM W. PRICE, III and MICHELLE ANN PRICE, husband and wife, sue Defendant, the United States of America and the United States Coast Guard, ostensibly an agency and agent of the United States Government, and as grounds therefore, allege and say as follows:

### GENERAL AND COMMON ALLEGATIONS CONCERNING THE CAUSE OF ACTION

1.      This is an action for damages in excess of $100,000.00 arising from a motor vehicle accident in Jacksonville, Duval County, Florida occurring on February 19, 2011.

2.      At all times material to this action, Plaintiffs, William W. Price, III and Michelle Ann Price (hereinafter "Mr. Price" and "Mrs. Price" respectively), were and are residents of St. Augustine, St. Johns County, Florida.

1

3.      At all times material to this action Defendant, United States Coast Guard (hereinafter "the USCG") is and was an agency or sub-agency of the United States Government.

4.      This action is brought pursuant to the Federal Tort Claims Act 28 U.S.C. §1346(b) and 28 U.S.C. §2674, for damages resulting from negligence on the part of the USCG, including USCG personnel who were employees or agents of the USCG.

5.      Pursuant to 28 U.S.C. §2675(a), prior to filing suit, Mr. and Mrs. Price properly presented their claims in writing to the appropriate federal agency, the USCG. See Attached Composite Exhibit A.

6.      On December 30, 2011, Mr. and Mrs. Price received notification of the USCG's final decision to deny their claims.  See attached Composite Exhibit B.

## JURISDICTION

7.      The events giving rise to this cause of action arose in Jacksonville, Duval County, Florida, which is within the jurisdiction of the United States District Court for the Middle District of Florida.

8.      Mr. and Mrs. Price and their counsel have complied with all conditions precedent required by the Federal Tort Claims Act, 28 U.S.C. §1346(b), prior to the filing of this action.

## SUMMARY OF FACTS GIVING RISE TO THE CIVIL CAUSE OF ACTION

9.      The facts giving rise to this negligence Federal Tort Claim against the United States of America include but are not limited to the following:

2

a. On or about February 19, 2011, personnel of the USCG leased a motor vehicle and operated the vehicle at the intersection of Perimeter Park Road and Southside Boulevard in Jacksonville, Duval County, Florida.

b. At that time and place, the USCG personnel negligently operated or maintained the motor vehicle so that it collided with Mr. and Mrs. Price's vehicle.

c. Specifically, Mrs. Price was the seat-belted driver and Mr. Price was the seat-belted front passenger of their vehicle stopped on Perimeter Park Road waiting to turn right onto Southside Boulevard. The vehicle in front of Mr. and Mrs. Price was an 18-passenger van leased by the USCG and operated by USCG personnel, specifically, Timothy Bakels. Realizing he needed to turn left onto Southside Boulevard (which required him to be in the left-turn lane), Mr. Bakels suddenly and without warning shifted the USCG van into reverse, accelerated and crashed into the front of the Prices' vehicle.

d. As a result of the USCG's negligence, Mr. and Mrs. Price suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, permanent impairment, loss of income and income earning ability and other general and special damages. Plaintiffs' vehicle was also damaged, and they lost the use of their vehicle during the time required for its repair or replacement.

10. At all material times, Timothy Bakels was employed by the Defendant agency or sub-agency of the United States of America and was acting within the course and scope of his employment.

11. At all material times, Plaintiffs William W. Price, III and Michelle Ann Price were married to one another.

### COUNT I - MICHELLE ANN PRICE'S INJURIES FROM NEGLIGENCE

12.     Paragraphs 1 through 10 and their subparts alleged above are hereby realleged and incorporated into this count and action.

13.     As a direct and proximate result of the negligence by USCG personnel as alleged above, Mrs. Price suffered the bodily injuries alleged in paragraph 9-d above.

WHEREFORE, Plaintiff, MICHELLE ANN PRICE, demands judgment for damages against Defendant and the costs of this action.

### COUNT II - WILLIAM W. PRICE, III'S INJURIES FROM NEGLIGENCE

14.     Paragraphs 1 through 10 and their subparts alleged above are hereby realleged and incorporated into this count and action.

15.     As a direct and proximate result of the negligence by USCG personnel as alleged above, Mr. Price suffered the bodily injuries alleged in paragraph 9-d above.

WHEREFORE, Plaintiff, WILLIAM W. PRICE, III, demands judgment for damages against Defendant and the costs of this action.

### COUNT III – LOSS OF CONSORTIUM BY MICHELLE ANN PRICE

16.     Paragraphs 1 through 11 and their subparts alleged above are hereby realleged and incorporated into this count and action.

17.     Plaintiff, Michelle Ann Price, is and was at the time of the accident the wife of Plaintiff, William W. Price, III.

18.     As a direct and proximate cause of the injuries received by William W. Price, III flowing from the negligence of Defendant, Michelle Ann Price, lost the care, companionship, society, comfort, and service of her husband in the past, presently and will so in the future.

4

WHEREFORE, Plaintiff, MICHELLE ANN PRICE, demands a judgment against Defendant for damages and costs incurred in this action, and such other relief as this Court deems proper in the circumstances.

### COUNT IV – LOSS OF CONSORTIUM BY WILLIAM W. PRICE, III

19. Paragraphs 1 through 11 and their subparts alleged above are hereby realleged and incorporated into this count and action.

20. Plaintiff, William W. Price, III, is and was at the time of the accident the husband of Plaintiff, Michelle Ann Price.

21. As a direct and proximate cause of the injuries received by Michelle Ann Price flowing from the negligence of Defendant, William W. Price, III lost the care, companionship, society, comfort, and service of his wife in the past, presently and will so in the future.

WHEREFORE, Plaintiff, WILLIAM W. PRICE, III, demands a judgment against Defendant for damages and costs incurred in this action, and such other relief as this Court deems proper in the circumstances

**the mcleod firm**

ROBERT L. MCLEOD, II
FL. BAR NO. 369632
SETH B. DEMPSEY
FL. BAR NO. 19151
1200 Plantation Island Drive S.
Suite 140
St. Augustine, FL 32080
(904) 471-5007—telephone
(904) 461-5059—facsimile
Attorneys for Plaintiffs